UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NARCRISSUS SWANIGAN,<br><br>             Plaintiff,<br><br>     v.<br><br>DAVID BAILEY, RONALD THOMPSON, JONI GONZALES, CINDE GARLAND, and CRYSTAL DECOURSEY, sued in both their individual and official capacities,<br><br>             Defendants. | No.: CV-11-5073-EFS<br><br>**ORDER DENYING PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 60(b) MOTION** |

    In his Federal Rule of Civil Procedure 60(b)(1), (2), and (3) motion, ECF No. 95, Plaintiff Narcrissus Swanigan asks the Court to set aside its November 7, 2012 Order Granting Defendants' Motion for Summary Judgment and Closing File, ECF No. 93, and Judgment, ECF No. 94. Mr. Swanigan contends the Court's factual findings were erroneous and as a result the Court erroneously entered judgment in Defendants' favor. After reviewing Mr. Swanigan's motion, the Defendants' response, and relevant authority, the Court abides by its initial decision for the following reasons.

    Plaintiff seeks relief under Rule 60(b)(1)-(3). Rule 60(b) states in pertinent part:

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

**ORDER** - 1

```
        (1)   Mistake, inadvertence, surprise, or excusable neglect;
        (2)   Newly discovered evidence that, with reasonable
              diligence, could not have been discovered in time to
              move for a new trial under Rule 59(b); [or]
        (3)   Fraud (whether previously called intrinsic or
              extrinsic), misrepresentation, or misconduct by an
              opposing party.
```

Fed. R. Civ. P. 60(b); *see also United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (discussing reconsideration standards).

Although he cites to subsections (2) and (3), Mr. Swanigan does not identify a basis for relief either under subsection (2) (newly-discovered evidence) or subsection (3) (fraud). And the Court's own review does not find relief appropriate under either subsection (2) or (3).

Accordingly, the focus is on whether Mr. Swanigan is entitled to relief from the final judgment under subsection (1). Mr. Swanigan contends the Court mistakenly dismissed his retaliation claims and the Court should find that triable issues of fact exist because 1) the Court must accept his assertion that he filed his July grievance on July 1, 2010, rather than July 21, 2010; 2) Defendant Cinde Garland's statements at her deposition indicate that she filed the July 9, 2010 Infraction against Mr. Swanigan after he filed his July grievance; 3) Coyote Ridge Corrections Center (CRCC) does not always have a grievance coordinator on hand to log grievances; and 4) Mr. Swanigan was on his way to speak with the grievance coordinator, Defendant Ronald Thompson, on July 6, 2010, rather than Defendant Joni Gonzales.

Mr. Swanigan's arguments focus on whether the Court erred in concluding that Mr. Swanigan filed his grievance on July 21, 2010, *after* Ms. Garland filed the Infraction against him on July 9, 2010.

**ORDER** - 2

1  Although the Court must typically accept the non-moving party's
2  evidence at summary judgment, the Court need not accept the non-moving
3  party's assertions that are flatly contradicted by the record.  *See*
4  *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell
5  two different stories, one of which is blatantly contradicted by the
6  record, so that no reasonable jury could believe it, a court should
7  not adopt that version of the facts for purposes of ruling on a motion
8  for summary judgment.").  As explained in the Court's initial Order,
9  ECF No. 93 at 5, the July grievance itself contradicts Mr. Swanigan's
10 statement that he filed it on July 1, 2010, because it states Ms.
11 Garland lied "on official documents," ECF No. 85, Ex. 7.  Because
12 there is no evidence that Ms. Garland prepared official documents
13 pertaining to Mr. Swanigan, except for the July 9, 2010 infraction,
14 Mr. Swanigan's grievance must have been prepared after July 9, 2010.
15 And although Mr. Swanigan contends that Ms. Garland stated at her
16 deposition that she filed the Infraction against Mr. Swanigan after he
17 filed his July grievance, her deposition does not support this
18 conclusion.  ECF No. 95, Ex. 4 (discussing in general her interactions
19 with the grievance coordinator; no specifics as to Mr. Swanigan or his
20 grievance).

21      In addition, Mr. Swanigan's reference in his July grievance that
22 he "attempted to have the administration deal with this issue," ECF
23 No. 85, Ex. 7, indicates that his July grievance was neither prepared
24 by nor filed on July 1, 2010, as claimed by Mr. Swanigan.  There is no
25 evidence that Mr. Swanigan discussed his concerns about Defendant
26 Crystal DeCoursey's racist comments with administration prior to his

**ORDER** - 3

July 2, 2010 discussion with Ms. Gonzales and his July 2, 2010 letter to Superintendent David Bailey.

In support of his Rule 60(b) motion, Mr. Swanigan did provide the Court with an August 20, 2010 letter from Grievance Program Manager Ronald Frederick, which states:

> In your original complaint, you claim that you have been harassed by a teacher for "the past several months". [sic] The Offender Grievance Program (OGP) Manual page 24 allows you to submit complaints within 20 working days of an incident; therefore, anything older than 6/3/10 (20 working days before 7/1/10, which is the date of the first complaint) is not grievable.

ECF No. 95, Ex. 3. The Court is unsure the basis for Mr. Frederick's belief that Mr. Swanigan's July grievance was filed on July 1, 2010. Nonetheless, the clear language used by Mr. Swanigan in his July grievance establishes that Mr. Swanigan filed the grievance after July 2, 2010 (date of reports to "administration") and after July 9, 2010 (date that Ms. Garland allegedly lied on the Infraction). For these reasons, the Court does not accept either Mr. Swanigan's statement or Mr. Frederick's statement that the July grievance was filed on July 1, 2010.

The Court does accept Mr. Swanigan's assertion that CRCC does not always have a grievance coordinator on hand to log grievances. And the Court revises its July 6, 2010 factual finding on page 3, lines 12-13 of its prior Order as follows, "On July 6, 2010, Mr. Swanigan tried to meet with grievance coordinator Mr. Thompson, whose office is on the education floor." Notwithstanding this additional fact and revised fact, the Court abides by its prior ruling that Mr. Swanigan is unable to establish that Defendants retaliated against him

**ORDER** - 4

because of his protected speech given that the plain language of the July grievance establishes that it was filed after Mr. Swanigan was terminated from his job on July 7, 2010.

Accordingly, **IT IS HEREBY ORDERED:** Plaintiff's Federal Rule of Civil Procedure 60(b)(1), (2), and (3) motion, **ECF No. 95**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 5th day of February 2013.

```
                    s/ Edward F. Shea
                    EDWARD F. SHEA
            Senior United States District Judge
```

Q:\EFS\Civil\2011\5073.Rule60.docx

**ORDER** – 5